UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Civil Case No.: |
| Plaintiff, | * | Section: |
| v. | * | |
| TWO PIT BULL-TYPE DOGS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes plaintiff, the United States of America, and brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought to enforce 7 U.S.C. § 2156(f) for the forfeiture of two pit bull-type dogs (hereinafter, "Defendant Dogs") that were involved in a violation of the animal fighting venture prohibition section of the Animal Welfare Act, 7 U.S.C. § 2156. This action also seeks the forfeiture of any offspring these seized dogs may have before entry of a final order of forfeiture.

**THE DEFENDANT(S) *IN REM***

2. The Defendants *in rem* are two pit bull-type dogs seized on or about May 30, 2019, from the yard of a residence located at 154 Marigold Street, Mt. Airy, Louisiana pursuant to a federal search warrant and are generally described as:

      a. USM-004: one brown and white male pit bull-type dog;

      b. USM-005: one thin, black female pit bull-type dog.

The Defendant Dogs were seized by the U.S. Marshals Service and are being cared for by a contractor who is providing the dogs with round the clock access to veterinary services and rehabilitation services, including training.

    3. The two Defendant Dogs and any offspring they may have before a final order of forfeiture is entered are subject to forfeiture to the United States pursuant to 7 U.S.C. § 2156(f), as animals involved in a violation of the federal animal fighting venture prohibition section of the Animal Welfare Act, 7 U.S.C. § 2156.

    4. Because this Complaint is being filed for the purpose of establishing grounds for forfeiture and providing notice to interested persons, it does not include all of the information known by the Government in connection with the investigation underlying the claims for forfeiture set forth herein.

## JURISDICTION AND VENUE

    5. Plaintiff, the United States of America, brings this *in rem* action in its own right and pursuant to its authority to forfeit the defendant property. Pursuant to 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States. Additionally, pursuant to 28 U.S.C. § 1355(a), this Court has jurisdiction over any action or proceeding for forfeiture.

    6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b), because the acts and omissions giving rise to forfeiture occurred in this district.

## BASIS FOR FORFEITURE

    7. The federal Animal Welfare Act, 7 U.S.C. § 2131, *et seq.*, defines "animal fighting venture" as "any event, in or affecting interstate or foreign commerce, that involves a fight

conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(g)(1). It is illegal to sponsor or exhibit an animal in an animal fighting venture. 7 U.S.C. § 2156(a)(1). It is also illegal to sell, buy, possess, train, transport, deliver, or receive an animal intended for use in an animal fighting venture. 7 U.S.C. § 2156(b).

8. The Animal Welfare Act provides that "[a] warrant to search for and seize any animal which there is probable cause to believe was involved in any violation of this section may be issued by any judge of the United States or of a State court of record or by a United States magistrate judge within the district wherein the animal sought is located." 7 U.S.C. § 2156(f). Animals "seized under such a warrant shall be held by the United States marshal or other authorized person pending disposition thereof by the court in accordance with this subsection." *Id.* In addition, "[n]ecessary care including veterinary treatment shall be provided while the animals are so held in custody." *Id.*

9. The statute also contemplates forfeiture of seized live animals. Specifically,

> [a]ny animal involved in any violation of this section shall be liable to be proceeded against and forfeited to the United States at any time on complaint filed in any United States district court or other court of the United States for any jurisdiction in which the animal is found and upon a judgment of forfeiture shall be disposed of by sale for lawful purposes or by other humane means, as the court may direct.

*Id.* The costs incurred in caring for animals seized and forfeited under this section "shall be recoverable from the owner of the animals (1) if he appears in such forfeiture proceeding, or (2) in a separate civil action brought in the jurisdiction in which the owner is found, resides, or transacts business." *Id.* (emphasis added).

10. As explained below, the Defendant Dogs are animals "involved in [] violation[s]" of 7 U.S.C. § 2156, and are therefore subject to forfeiture to the United States of America pursuant to 7 U.S.C. § 2156.

**BACKGROUND**

11. Dog fighting is a violent contest in which two dogs that are bred and conditioned for fighting are released by their owners or handlers in a controlled environment to attack each other and fight for purposes of entertainment or gambling. Fights usually end when one dog withdraws, when a handler "picks up" his dog and forfeits the match, or when one or both dogs die.

12. Dog fighters fight dogs with a goal of obtaining "Champion" or "Grand Champion" status for their dogs, which is achieved by winning three or five fights, respectively. They maintain contact with other dog fighters around the country, and can generate substantial income from gambling on dog fights and from the sale and breeding of fighting animals.

13. It is a common practice for those involved in training and exhibiting fighting dogs to possess several dogs at one time. This practice is followed for several reasons. Dog fighters maintain a stock of dogs at different weights and both sexes because in dog fights, dogs are matched against other dogs to within a pound of the same weight against dogs of the same sex. Maintaining a stock of several dogs thus increases the odds of owning a dog whose weight meets the requirements for a match being solicited by an opponent.

14. Further, dog fighters must possess an inventory of dogs because dogs often die or are badly injured during fights. Dogs that lose fights or fail to show "gameness" are often killed. It is not uncommon for dogs that lose matches to be killed in cruel, torturous, and inhumane ways as punishment.

15. Dog fighters also maintain multiple dogs in order to selectively breed, sell, and fight dogs displaying certain traits or to otherwise advance a particular dog fighting bloodline. Possessing multiple dogs increases the prospects of owning a dog who will become a Champion

or Grand Champion. Dog fighters also routinely test and evaluate their dogs to determine those that exhibit aggressive behavior, including against their own dogs.

16. Persons engaged in dog fighting typically use "pit bull"-type dogs, which dog fighters prefer for their compact muscular build, short coat, and the aggression that some display toward other dogs.

17. One sign of dog fighting is the presence of pit bull-type dogs on heavy or excessive chains, or housed individually in pens or crates. Persons engaged in dog fighting take steps to restrain or isolate dogs used for fighting from one another to prevent them from fighting at unintended times. They may also keep younger dogs they intend to use for fighting out of reach of other dogs to discourage normal socialization. Heavy chains are used to develop neck strength in dogs used for fighting.

18. Dog fighters typically do not start setting up matches for a dog until the dog reaches at least eighteen months to two years of age. Until then, dog fighters may test the dog out by "rolling" it or having the dog participate in short fights to assess the dog's demeanor. Thus, it is common for dog fighters to possess multiple young pit bull-type dogs who are in the process of being trained to fight.

19. Dogs who have been fought may have scars, puncture wounds, swollen faces, or mangled ears. Scars from organized dog fights are commonly found on the face and front legs, as well as on hind ends and thighs. All of the adult Defendants *in rem* had such scarring.

## FACTS

20. As part of an investigation into narcotics trafficking and illegal dog fighting, special agents of the Drug Enforcement Administration ("DEA"), working in conjunction with local law enforcement and the U.S. Attorney's Office for the Eastern District of Louisiana, identified an

individual, Raydell SCOTT in the Eastern District of Louisiana believed to be participating in an interstate network of dog fighters.

21. On April 18, 2019, at approximately 7:56 p.m., SCOTT received a phone call from Morgan BURL who stated that he might drive to an unknown residence where a suspected dog fighting event would be occurring later in the evening. During the call, BURL discussed how his dog and SCOTT's dog were about the same size. Based on information and belief, BURL was referring to his dog, "MOJO," believed to be a pit bull-type dog, and SCOTT's dog, "SAVAGE," another possible pit bull-type dog. During the call, BURL asked SCOTT if he was "doing it," to which SCOTT replied in the affirmative. Based on information and belief, SCOTT was acknowledging that he would be attending the dog fight and allowing SAVAGE to fight against another dog.

22. On April 18, 2019, at approximately 8:21 p.m., SCOTT received an incoming call from BURL. During the call, BURL indicated that he would not be attending the dog fight. BURL also told SCOTT, "I hope that SAVAGE makes the cut." Based on information and belief, BURL was telling SCOTT that he hoped that SCOTT's dog, SAVAGE, performed well in the dog fight.

23. On April 18, 2019, at approximately 9:43 p.m., SCOTT called BURL. BURL stated that he just spoke to some people who were saying that SCOTT's dog, SAVAGE, was a "mutt" and not a worthy fighting dog. BURL also stated, "They said your dog a good crash-test dummy dog. They said your dog a good dog turn dogs on 'cause of the fighting but as far as trying to win money they said that bitch a mutt." Later in the call, SCOTT defended his dog's fighting capabilities and described the fight his dog had engaged in by stating, "They count to ten, I turned my dog around, I turned it around, he looked around (U/I) and went over there and grabbed that fucking dog under his fucking body and shook him to the ground and had that motherfucker down

there." While further describing the dog fight, SCOTT estimated that the fight lasted "seven to eight minutes," and also stated "(U/I) that dog busting that leg up. Mike's dog was hollering and all that."

24. On May 28, 2019, U.S. Magistrate Judge Janis van Meerveld issued a search warrant for 160 Marigold Street, authorizing law enforcement to search and seize evidence of drug trafficking at that residence. While executing the search warrant, the agents observed that 160 Marigold Street and 154 Marigold Street shared a common fenced-in backyard, and the two properties are adjoined. While standing within the property line for 160 Marigold Street, members of the team were able to observe the yard on 154 Marigold Street. Based on information and belief, SCOTT resides at 160 Marigold Street but also utilizes the 154 Marigold Street residence.

25. Three pit bull-type dogs were located at 160 Marigold Street and two pit bull-type dogs were located in the yard of 154 Marigold Street.

26. On the Government's application Magistrate Judge van Meerveld issued federal search warrants for several locations in the Eastern District of Louisiana pursuant to 7 U.S.C. 2156(f). Among other things, the warrants authorized the Government to search for and seize animals based on probable cause that the animals were involved in a violation of the federal animal fighting venture prohibition section of the Animal Welfare Act, 7 U.S.C. § 2156(f).

27. DEA agents executed a federal search warrant at 154 Marigold Street, Mt. Airy, Louisiana. Agents seized the two pit bull-type dogs located on the property.[1]

28. Neither of the Defendant Dogs appear to be spayed or neutered, which is common among dogs intended for participation in animal fighting ventures.

---

[1] SCOTT surrendered the three pit bull-type dogs found at 160 Marigold Street; however, he stated that the two Defendant Dogs found at 154 Marigold Street belonged to an unidentified friend. Thus, he could not surrender those dogs as well.

29. Consistent with dogs possessed and/or trained for participation in an animal fighting venture, the Defendant Dogs were kept out of reach from each other. The male dog (USM-004) was chained to a stake in a cinderblock and had no access to food, water, shelter, or bedding. Chains are used to ensure that the dogs do not escape and attack other dogs and to build strength in the dogs. The female dog (USM-005) was found in a filthy shed littered with the dog's feces. She had no access to food or bedding.

30. The female dog (USM-005) was evaluated by a veterinarian and was determined to have scarring on her head and neck. She also had calluses on both elbows and tarsal joints.

31. Both dogs are hookworm positive and the female dog (USM-005) is also heartworm positive.

32. In sum, the condition in which the Defendant Dogs were found was not consistent with that of pet dogs of a comparable age.

33. Based on the information and allegations set forth herein, there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Dogs and any offspring they may have before entry of the final order of forfeiture are subject to forfeiture under the 7 U.S.C. § 2156(f).

WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the Defendants *in rem*; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* be forfeited to the United States of America for disposition according to law; that the Court enter a judgment for costs associated with the care of the Defendants *in rem* pursuant to 7 U.S.C. § 2156(f) should any interested party file a claim for the

Defendants *in rem*; and that the United States of America be granted such other relief as this Court may deem just and proper.

DATED this 9th day of July, 2019.

    Respectfully submitted,

    PETER G. STRASSER
    UNITED STATES ATTORNEY

    */s/ Michael B. Redmann*
    MICHAEL B. REDMANN (La. 31929)
    Assistant United States Attorney
    U.S. Attorney's Office
    650 Poydras Street, Suite 1600
    New Orleans, Louisiana 70130
    Telephone: (504) 680-3065
    Email: michael.redmann@usdoj.gov

**PLEASE ISSUE AND SERVE WARRANT OF ARREST IN REM ON THE FOLLOWING PURSUANT TO RULE G(3)(B)(i):**

TWO PIT BULL-TYPE DOGS

Located at:

U.S. Marshals Service
500 Poydras Street
New Orleans, Louisiana 70130

## **VERIFICATION**

I, JOSHUA GONZALES, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration; that I have read the foregoing Verified Complaint *in Rem*; and that the matters contained in the Verified Complaint are true and correct to the best of my knowledge.

I further verify that the sources of my knowledge and information and the grounds for my beliefs include the official files and records of the United States, information supplied to me by other law enforcement officers in connection with my role as case agent for the investigation, and my personal involvement as case agent for the Drug Enforcement Administration with respect to the investigation of dog fighting at the Mt. Airy, Louisiana residence and other locations in the area.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. This 8th day of July, 2019.

JOSHUA GONZALES
Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
TWO PIT BULL-TYPE DOGS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael B. Redmann, AUSA
650 Poydras Street, Suite 1600
New Orleans, LA 70130

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. 2156(f)

Brief description of cause:
COMPLAINT FOR FORFEITURE IN REM

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____      DOCKET NUMBER _____

DATE: 07/09/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Michael B. Redmann, AUSA

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Civil Case No.: |
| v. | * | Section: |
| TWO PIT BULL-TYPE DOGS | * | |
| | * | |

*   *   *   *   *   *   *   *

**REQUEST FOR CLERK OF COURT TO
ISSUE WARRANT OF ARREST *IN REM*__

The United States of America respectfully requests that the Clerk of Court issue a Warrant of Arrest *in Rem* to the United States Marshals Service, along with the provided United States Marshals Service 285 Form, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Respectfully submitted,

PETER G. STRASSER
UNITED STATES ATTORNEY

*/s/ Michael B. Redmann*
MICHAEL B. REDMANN (La. 31929)
Assistant United States Attorney
U.S. Attorney's Office
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3065
Email: michael.redmann@usdoj.gov

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF: UNITED STATES OF AMERICA | COURT CASE NUMBER: |
| DEFENDANT: TWO PIT BULL-TYPE DOGS | TYPE OF PROCESS: Warrant Arr in Rem & Complaint |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN: U.S. Marshals Service
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code): 500 Camp Street, New Orleans, LA 70130

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Michael B. Redmann
U.S. Attorney's Office
650 Poydras Street, 16th Floor
New Orleans, LA 70130

Number of process to be served with this Form 285:
Number of parties to be served in this case:
Check for service on U.S.A.:

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):
Please serve warrant of arrest in rem and complaint as soon as possible.

Signature of Attorney other Originator requesting service on behalf of: [X] PLAINTIFF [ ] DEFENDANT
/s/ Michael B. Redmann
TELEPHONE NUMBER: 504-680-3065
DATE: 7/9/2019

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted)

| Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|
| | | | | |

I hereby certify and return that I [ ] have personally served, [ ] have legal evidence of service, [ ] have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above):
Date: Time: [ ] am [ ] pm
Address (complete only different than shown above):
Signature of U.S. Marshal or Deputy:

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | $ 0.00 | | |

REMARKS

PRIOR VERSIONS OF THIS FORM ARE OBSOLETE

Form USM-285
Rev. 11/18